UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIA GILMA CASTILLO,<br><br>Plaintiff,<br><br>vs.<br><br>T.D SERVICE COMPANY, EMC MORTGAGE CORPORATION, and DOES 1-50, inclusive,<br><br>Defendants. | Case No: C 08-4992 SBA<br><br>**ORDER GRANTING DEFENDANT EMC'S MORTGAGE COMPANY'S MOTON TO DISMISS**<br><br>[Docket 13] |

On October 31, 2008, Defendant EMC Mortgage Corporation ("EMC") removed the action to this Court on the ground that certain of Plaintiff's claims arise under federal law.  28 U.S.C. § 1331.  On January 6, 2009, Plaintiff filed an amended complaint, in response to which EMC filed a motion to dismiss or strike on January 26, 2009.  The motion is set for hearing on April 28, 2009.  Under Local Rule 7-3, any opposition to the motion or statement of non-opposition must be filed no later than 21 days before the hearing date.  The Court's Standing Order warns that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."  The Court has received no opposition to EMC's motion.

The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  In Ghazali, the court noted that in exercising its discretion to dismiss the action, the district court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).

The first and second factors both favor dismissal. In addition to failing to file an opposition to the instant motion to dismiss, Plaintiff failed to file a Case Management Statement ("CMC") in anticipation of the March 3, 2009 conference. Her repeated failures to comport with Court's filing schedules undermine the Court's ability to move the case forward by setting a case management schedule or a trial date. Such non-compliance inherently delays resolution of the case and insures to the detriment of the public. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). The first two Ghazali factors strongly support dismissal.

The third factor, the risk of prejudice to the Defendant, is related to the strength of the Plaintiff's excuse for the default. See Yourish, 191 F.3d at 991. Here, Plaintiff has offered no "excuse" for her conduct. As noted, Plaintiff failed to file a CMC Statement and has not otherwise attempted to contact the Court regarding her failure to do so or her failure to oppose Defendant's motion to dismiss. In addition, Plaintiff has had almost four months to prepare an opposition to Defendant's motion, which was filed on January 26, 2009. Plaintiff simply has failed to provide any reason whatsoever for her failure to comply with the Court's orders and none is apparent from the record. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.")

Finally, the Court has considered less drastic alternatives to dismiss. As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the motion. "[A] district court's warning to a party that

1 | failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less
2 | drastic sanctions]' requirement." <u>Ferdik</u>, 963 F.2d at 1262.
3 |     In sum, the Court concludes that the relevant factors weigh strongly in favor of granting
4 | Defendant's motion as unopposed and dismissing the action in its entirety.  Accordingly,
5 |     IT IS HEREBY ORDERED THAT Defendant EMC's unopposed motion to dismiss
6 | (Docket 13) is GRANTED.  There being no other party having appeared in the action, the Clerk
7 | shall close the file and terminate all pending matters and deadlines.

Dated: April 20, 2009

                                                  Hon. Saundra Brown Armstrong
                                                  United States District Judge